# IN THE WESTERN DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| In Re the Matter of: ) | |
| ) | |
| SHERRY L. BOWLING, ) | |
| ) | |
| Debtor/Appellant ) | No. 04-5079-V-SW-FJG |
| ) | |

APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION, CASE NO. 01-31346 JWV
HONORABLE JERRY W. VENTERS, JUDGE

## ORDER

### I. BACKGROUND

This case involves a Chapter 7 bankruptcy filed by Debtor/Appellant Sherry L. Bowling. Ms. Bowling listed her personal injury claim and claimed that it was exempt. The Trustee filed an objection to the claimed exemption. Ms. Bowling responded to the objection, denying it. The Bankruptcy court entered an order granting the Trustee's objection to the debtor's exemptions as to $50,000. Ms. Bowling moved the bankruptcy court to reconsider and vacate this order and enter an order sustaining her claimed exemption regarding her personal injury claim. On August 6, 2004, the Bankruptcy court denied this motion and granted the Trustee's motion to dismiss. It is this order from which Ms. Bowling appeals.

On September 29, 2001, Ms. Bowling was a passenger in a vehicle driven by William H. Holstein. Holstein struck another vehicle driven by Richard Ray. Ms. Bowling suffered severe injuries in the accident, including multiple fractures which

resulted in a spinal fusion. Ray has a $25,0000 automobile liability insurance policy. Holstein's auto policy provides for $50,000 in underinsured motorist coverage. Plaintiff's personal injury attorney asserts that her personal injury claim is in excess of both Holstein and Ray's insurance policies.

On December 19, 2001, Ms. Bowling filed for relief under Chapter 7 of the Bankruptcy Code. On her Schedule B-Personal Property, she listed her personal injury claim as an exempt asset under Mo.Rev.Stat. § 513.427, listing both the value of the exemption and the market value of the claim as unknown. The Trustee objected to the exemption, in part, based on a contention that a portion of the claim attributable to the "uninsured" motorist claim was contractual in nature and not exempt under § 513.427. Ms. Bowling responded and denied the Trustee's objection and denied that the personal injury claim was not exempt.

On June 27, 2002, a hearing was held regarding the Trustee's objection to the debtor's claim of exemptions. Neither Ms. Bowling nor her bankruptcy attorney were at the hearing. There is no testimony or documentation from Ms. Bowling herself regarding an agreement to the June 28, 2002 order. The transcript from the hearing states in part:

Mr. Rouse: This is a case where the debtor was involved in a motor vehicle accident where she was a passenger. There is a $25,000 policy as to the driver of the other car that hit the car she was a passenger in. There was also an under-insured motorist coverage - total package of about $50,000. We have reached an agreement where the stay can be lifted – not stay. Strike that. We have reached an agreement where the exemptions will be sustained – strike that.

The Court: The objection.

Mr. Rouse: My objection to exemptions will be sustained as to the $50,000 in coverage.

2

The Court: Okay. And then, what, he'll–then Mr. Plaster will file some amended ones. I guess, at some point?

Mr. Rouse: Yeah, We'll -

The Court: All right. Okay. By agreement then, the trustee's objection to the debtor's exemptions on the personal injury claim will be sustained. Text order is okay, I guess?

Mr. Rouse: That's fine, Judge.

(Exhibit 13).

A text order was entered by the Court on June 28, 2002, granting the Trustee's objection to the debtor's exemptions as to $50,000. (Exhibit 10).

On November 20, 2002, the Trustee filed a motion to approve the settlement agreement with State Farm Insurance. No such settlement ever existed. On December 13, 2002, the Court entered an order granting that motion. On September 16, 2003, the Trustee filed a Motion for an Order authorizing the Trustee to Execute Release with State Farm Insurance. On September 23, 2003 the bankruptcy court granted this motion. On September 29, 2003 Ms. Bowling filed a response to the Trustee's motion for an order to execute the release and motion to set aside the order granting the same arguing that it was premature, her injury claim was unassignable and unliquidated and that an agreement had not been entered to settle or liquidate her claim. A hearing was scheduled for October 30, 2003. The transcript from that hearing is as follows:

Mr. Rouse: Judge, this is one where we're trying to attempt to settle a personal injury case and I'd ask permission to sign instead of the debtor.

The Court: Uh-huh.

Mr. Rouse: I talked – we may have that resolved and he's talking to his client again today and if the Court doesn't mind, if we could pass one more month, I'd appreciate it.

The Court: Well, now. I'm curious as to what was going on here. Who's been –

Mr. Rouse: Well, this is the deal. There was a – and I can explain it to the Court. What it is is that there is a personal injury claim. There is a claim for underinsured –

The Court: Motorist.

Mr. Rouse: Which is a contractual claim to get from Point A to Point B. In other words, to get to the underinsured motorist claim, you have to have settled out the –

The Court: Primary claim.

Mr. Rouse: –personal injury claim. There is an issue of pursuing the tort-feasor apart from his insurance and –

The Court: Okay. So you all are trying to work it out then.

Mr. Rouse: Right.

The Court: It looked like somebody might have been asleep here. Maybe Mr. Plaster missed something a year ago.

Mr. Rouse: A little bit, but –

(Exhibit 14).

The matter was continued until November 20, 2003. On November 19, 2003, the Trustee withdrew his motion requesting authorization to execute the release with State Farm Insurance.

On June 10, 2004, Ms. Bowling filed a Motion to Reconsider and Vacate the Order Sustaining the Trustee's Objection to her Claim of Exemption Relating to her Personal Injury Claim. The Trustee filed a Motion to Dismiss the above referenced motion as being out of time. A hearing was held on July 1, 2004. During the hearing, Judge Venters observed that Mr. Rouse, the Trustee, and Mr. Plaster, Ms. Bowling's bankruptcy counsel, had struck a deal whereby the first $50,000 of her personal injury claim would come into the bankruptcy estate. Judge Venters asked counsel why the Court shouldn't enforce this agreement. Ms. Bowling's personal injury attorney, Jerry

4

Reynolds argued first that Mr. Rouse and Mr. Plaster did not have a meeting of the minds and an understanding of what they were actually agreeing to.  Mr. Reynolds explained that Mr. Rouse thought there was an uninsured motorist claim that was contractual, and would not be exempt.  This was based on the fact that Richard Ray, one of the tortfeasors, was insured by State Farm for $25,000.  Mr. Rouse believed that the claim was liquidated because State Farm would pay its policy limits.  However, Mr. Reynolds points out that there was never a settlement agreement involving Ms. Bowling and Mr. Ray.  Counsel also mistakenly believed that after State Farm paid their policy limits, Ms. Bowling could still proceed to sue Mr. Ray for liability.

Secondly, Mr. Reynolds argued that the Order which was entered on June 28, 2002 was not final because it was not executable, because the Trustee could not take any action based on the Order.

## II. STANDARD

A district court reviews the bankruptcy court's decisions for abuse of discretion. See In re Kirwan, 164 F.3d 1175, 1177 (8th Cir. 1999).  The district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law are reviewed de novo.  In re Stanley, 249 B.R. 509, 512 (W.D.Mo.2000).

## III. DISCUSSION

### A. The Bankruptcy Court's Order

On August 6, 2004, the Bankruptcy Court denied Ms. Bowling's motion to reconsider and vacate a previous order which had sustained the Trustee's objection to her claim of exemption in her personal injury lawsuit.  Judge Venters first determined

5

that the June 28, 2002 Order was a final order. He determined that when he granted the Trustee's objection to the Debtor's claim of an exemption that there was nothing left for the Court to do but enforce the Order. He stated that the mere fact that the Order might be erroneous did not mean that the Order was any less final. After determining that the Order was final, Judge Venters then proceeded to examine whether there was any basis on which he could grant relief from the final order. He determined that he could not grant relief on any of the possible basis spelled out under Fed.R.Civ.P. 60(b): mistake, void judgment, inequitable prospective application or for any other reason. He therefore denied the debtor's motion to reconsider and vacate the order which sustained the Trustee's objection to the debtor's claim of an exemption in her personal injury suit.

### B. Statement of the Issues

1. Did the Bankruptcy Court err and abuse its discretion in failing to reconsider and vacate the Order which granted the Trustee's objection to debtor's exemptions as to $50,000, because Ms. Bowling's personal injury claim was exempt by law at all times in that it was not liquidated and not assignable; Ms. Bowling claimed her injury claim as an asset and as exempt; and she is the proper party in interest.

2. Did the Bankruptcy Court err and abuse its discretion in failing to grant, and failing to address the merits of, the motion to reconsider and vacate the Order which granted the Trustee's objection to debtor's exemptions as to $50,000 by concluding said Order was final and thus Rule 60 applied, because said Order is not final, not clear, has not been executed, cannot be executed as it stands, and actions continue to be taken and rulings continue to be made since the June 28, 2002 Order which attempted to cause said Order to be carried out, but it is still not executable as there is still more to be done in order for said Order to be carried out?

3. Did the Bankruptcy Court err and abuse its discretion in failing to reconsider and vacate the order which granted the Trustee's objection to debtor's exemptions as to $50,000 because said Order is void and the Court had no discretion to grant Trustee's objection and enter said order in that said Order is contrary to law and Trustee's objection failed to state a claim for which relief could be granted; the Order itself fails to grant any relief, is unclear, unexecutable, and does not state

from where the $50,000 will come or how such Order is to be carried out; there was no meeting of the minds constituting an alleged agreement between the parties; the Court did not inquire as to the terms of any alleged agreement; and the Order was entered without the consent of Ms. Bowling herself?

4. Did the Bankruptcy Court err and abuse its discretion in failing to reconsider and vacate the Order which granted the Trustee's objection to debtor's exemptions as to $50,000 because it is no longer equitable that such Order should have prospective application in that the Order was entered improperly, without any inquiry made by the Bankruptcy Court as to any alleged agreement, and contrary to law; is unclear and was entered even though there was no $50,000 available to satisfy the Order, the Bankruptcy Court never stated how the Order was to be carried out, actions continue to be taken and rulings continue to be made since the June 28, 2002 Order was entered which attempted to cause said Order to be carried out but it cannot be executed as it now stands; the only manner in which the Order could be carried out is through its prospective application, depending on whether and to what amount debtor's personal injury claim is liquidated, if ever, assuming the Order applies to said injury claim; and it is not just for Ms. Bowling to be penalized for the errors of trustee, counsel and the Court?

5. Did the Bankruptcy Court err and abuse its discretion in failing to reconsider and vacate the Order which granted the Trustee's objection to debtor's exemptions as to $50,000 because relief from the Order granting Trustee's objection as to Debtor's claim of exemption was justified through the use of the Court's equitable power in that Ms. Bowling's personal injury claim is exempt by law, the subject order will result in extreme hardship on her, no one will be harmed or prejudiced if her exemption is granted, and exceptional circumstances exist which merited the use of the Court's equitable powers to correct this situation and accomplish justice, outweighing the Court's procedural concerns.

**C. Did the Bankruptcy Court Err in Determining that the June 28, 2002 Order was Final?**

The Bankruptcy Court determined that the June 28, 2002 Order was final because after issuing the Order, the Court stated that there was nothing left for the Court to do but enforce the Order. The Court cited In re Bauer, 298 B.R. 353, 355 (B.A.P. 8th Cir. 2003) in support of its position. However, this case does not address what the test is for determining finality of a bankruptcy court's order. In In re Hayes, 220 B.R. 57 (N.D.Iowa 1998), the Court stated:

7

> whether a bankruptcy court's order is final depends upon a consideration of the following:
> (1) The extent to which the order leaves the bankruptcy court nothing to do but execute the order;
> (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and
> (3) the extent to which reversal would require recommencement of the entire proceeding.

Id. at 60 citing, In re Olson, 730 F.2d 1109 (8th Cir. 1984); In re Apex Oil Co., 884 F.2d 343 (8th Cir. 1989). In In re Hays, the Court noted:

> The first step in the Eighth Circuit's test is a good way of deciding whether a bankruptcy court's order has "finally dispose[d]" of a particular dispute. If nothing is left for the bankruptcy court to do except execute its order, the bankruptcy court's fact-finding and legal analysis with respect to that dispute is most likely at an end. . . .
> Orders that finally resolve disputes concerning what the debtor owes or owns, or who gets what from the bankruptcy estate - for example, whether a creditor has a claim against the bankruptcy estate, whether a person is liable to the bankruptcy estate, or whether certain property is part of the bankruptcy estate - are final, since those disputes go to the core of the bankruptcy process, which is to collect and distribute the assets of the debtor in an orderly and statutorily pre-determined manner.

Id. at 61 (internal citations omitted). Similarly, in Cochrane v. Vaquero Investments, 76 F.3d 200 (8th Cir. 1996), the Court observed that:

> [n]early every circuit to consider the question has held that an order granting or denying an exemption is final for purposes of § 158(d) or its predecessor statute. . . .However, this court also observed that [f]inality for bankruptcy purposes is a complex subject and the test for finality under § 158(d) must take into account the peculiar needs of the bankruptcy process. . . . While in many cases, as in Huebner, the peculiar needs of the bankruptcy process dictates that it is both prudent and necessary to treat a bankruptcy court's exemption decision as final, such is not the case here for the simple reason that the orders of the bankruptcy court presently on appeal do not conclusively resolve the issue of whether the property in question is or is not exempt from the debtor's bankruptcy estate.

Id. at 203-204 (internal citations and quotations omitted). Similarly, in the instant case,

the Court does not find that the June 28, 2002 Order definitively resolved the issue of whether Ms. Bowling's personal injury claim was or was not exempt. Even the transcript indicates that Court expected there would be further proceedings. After the Trustee stated that his objection to the exemptions would be sustained as to the $50,000 in coverage, the Court stated: "Okay. And then, what, he'll – then Mr. Plaster will file some amended ones, I guess, at some point?" (June 27, 2002 Transcript, Exhibit 13). Approximately five months after the Court granted the Trustee's objection, the Trustee filed a Motion for Approval of Settlement with State Farm Insurance Companies. On December 13, 2002, the Court approved the Trustee's motion. Then on September 16, 2003, the Trustee filed a Motion Authorizing the Trustee to Execute a Release with State Farm. The Court granted the Motion on September 23, 2003 and scheduled a hearing on October 30, 2003. At the hearing the Trustee represented that the parties were trying to work it out and the case was continued until the next docket call. The following month a day before the docket call, on November 19, 2003, the Trustee withdrew his Motion for Authorization to Execute the Release.

Thus, it is clear that after June 28, 2002, there was clearly more to do than execute the Order and the June 28th Order did not finally dispose of the issue. As discussed above, the Trustee was attempting to settle Ms. Bowling's personal injury case with State Farm, but they would not do so without a release from her. Ms. Bowling's attorney, Mr. Plaster did not agree to release her claims because he erroneously believed that she could still pursue her claims against the drivers at fault, even after State Farm paid its policy limits. This is why the Trustee was attempting to enlist the Court's assistance in bringing this issue to a close. Counsel for Ms. Bowling

9

accurately points out that the June 28, 2002 Order cannot be carried out until there is either a settlement with the insurance carriers providing sufficient funds to fulfill the Order or an adjudication of Ms. Bowling's personal injury claim. Ms. Bowling accurately notes that the actions taken since the June 28, 2002 Order have not been simply ministerial or formalistic. Issues still remaining to be resolved are whether the Trustee can pursue Ms. Bowling's personal injury claim and how this can be accomplished. Because the Bankruptcy Court continued to conduct hearings in this case and exercise its discretion with regard to motions filed by the parties relating to whether her personal injury claim is exempt, the Court finds that the June 28, 2002 Order was not final. Additionally, the Bankruptcy Court at no time indicated that the June 28, 2002 Order was the end of the case or of this issue. This Court finds that Bankruptcy Court erred in not applying the three part test for determining whether an Order is final. The Court also finds that the Bankruptcy Court erred in not addressing the complexities and peculiar needs of this case. If the Bankruptcy Court had properly applied the test, it would have determined that its June 28, 2002 Order was not final.

**D. Did the Bankruptcy Court Err in Failing to Reach the Merits of Ms. Bowling's Argument that Her Personal Injury Claim Was Exempt?**

Counsel for Ms. Bowling argues that the Bankruptcy Court also erred in failing to reconsider and vacate the June 28th Order which granted the Trustee's objection as to $50,000 because her personal injury claim was exempt and was not liquidated and not assignable. The Court agrees that the Bankruptcy Court erred in failing to reach these issues. Instead, the Bankruptcy Court simply determined that the Order was final and that none of the reasons stated in Fed.R.Civ.P. 60(b) allowed the Court to address the

10

merits.  However, as noted above this Court has determined that the June 28, 2002 Order was not final and thus the Bankruptcy Court could have reconsidered the issue of plaintiff's exemption.  As counsel for Ms. Bowling notes, the underlying issue in this case is whether the personal injury claim of Ms. Bowling was exempt from the bankruptcy estate.  During the hearing on July 1, 2004, the Court inquired of both Mr. Plaster, Mr. Reynolds and the Trustee, Mr. Rouse.  It is obvious from reading the transcript that there were disputed issues regarding whether Mr. Plaster and Mr. Rouse had ever had a meeting of the minds as to what Ms. Bowling's claim was and whether any part of it was liquidated or unliquidated and thus what portion, if any, could be subject to the bankruptcy estate.  It is also clear from the transcript that counsel were confused as to the issue of whether Ms. Bowling could pursue her claims if any of the insurance companies paid out their policy limits.  Mr. Reynolds urges this Court to reverse the decision of the bankruptcy court and direct the bankruptcy court to enter an Order vacating the June 28, 2002 Order and enter and Order granting Ms. Bowling's exemption regarding her personal injury claim in its *entirety*.  The Court disagrees.  The Court will reverse the decision of the bankruptcy court only to the extent of the Bankruptcy Court's determination that the June 28, 2002 order was final and unreviewable.  The Court hereby **REVERSES** the August 6, 2004 decision of the Bankruptcy Court and **REMANDS** this case to the Bankruptcy Court to conduct a new hearing at which it will address the merits of the dispute and will determine whether Ms. Bowling's personal injury claim is exempt and if so to what extent.

## IV. CONCLUSION

For the reasons stated above, the August 6, 2004 Order the United States Bankruptcy Court in <u>In re Bowling</u>, Case No. 01-31346, is hereby **REVERSED**. The Case is hereby **REMANDED** to the Bankruptcy Court for proceedings consistent with this opinion.

Date: September 30, 2005          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri          Fernando J. Gaitan, Jr.
         United States District Judge